UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:08CV71-J

LILLIE SPENCER                                                                                          PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                            DEFENDANT

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

Plaintiff seeks to supplement the record before this Court with medical records that she submitted to the Appeals Council. The Commissioner has filed an objection. The claimant has attempted to rely upon these medical records in her Fact and Law Summary. It is unclear whether the Appeals Council considered the new evidence. Nonetheless, the Appeals Council declined plaintiff's request for review, and those medical records are not part of the administrative record that the district court can consider in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Commissioner of Social Security, 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). The Court may consider new evidence for the limited purpose of determining whether to order a pre-judgment remand of the case to the Commissioner for further administrative proceedings. Cline, 96 F.3d at 148; 42 U.S.C. § 405(g). The party seeking a prejudgment remand has the burden of demonstrating the new evidence is material and that good cause exists for not presenting it to the Administrative Law Judge, Faucher v. Secretary of HHS, 17 F.3d 171, 174-175 (6th Cir. 1994). New evidence is "material" if there is a reasonable probability that it would have changed the outcome of the prior proceeding, Sizemore v. Secretary of HHS, 865 F.2d 709, 711 (6th Cir. 1988) (*per curiam*).

It is possible that the new evidence would have changed the outcome of the ALJ's Decision; however, the Court cannot find good cause for the failure to submit the evidence to the ALJ prior to issuance of the Decision. As a practical matter, the Court is also cognizant of the difficulties social security practitioners face in obtaining supporting medical opinions from treating physicians in a timely manner. Nonetheless, the Court is bound to follow the applicable law and decline to enter a Sentence Six remand or the requested relief to allow supplementation of the administrative record. Accordingly, for the reasons stated herein,

Plaintiff's Motion is DENIED.

This is a final and appealable Memorandum Opinion and Order, and there is no just cause for delay.