UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:08CV71-J

LILLIE SPENCER                                                      PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is claimant Lillie Spencer's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying her claim for Disability Insurance ("DIB") and Supplemental Security Income Benefits ("SSI"). After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and must be upheld.

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI benefits on January 21, 2005 alleging that she became disabled on November 14, 2004 from COPD, macular degeneration, headaches, sleep apnea, and asthma (Tr. 79). She worked in the past as an assistant manager in a gift shop and as a cook and has an eighth grade education. At the time of claimant's applications, she was drawing unemployment benefits (Tr. 67). Following hearings on April 18, 2007 and June 27, 2007 at which the claimant and a vocational expert offered testimony, Administrative Law Judge Charles J. Arnold ("ALJ") found that the claimant has severe impairments of osteoarthritis, chronic obstructive pulmonary disease/asthma/sleep apnea, and diabetes/diabetic neuropathy which prohibit her from performing her past work. However, the ALJ found that she remains capable of performing some sedentary work (Tr. 27).

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003).  Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).  So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989).  The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ committed the following errors: 1) the ALJ failed to consider her obesity as a severe impairment; 2) the ALJ improperly discounted the April 17, 2007 opinion from her treating physician Dr. Ribeyre; 3) the ALJ erred in finding her subjective complaints inconsistent and not fully credible; and 4) the ALJ ignored a letter written on behalf of the claimant by her husband.

2

<u>ANALYSIS</u>

The claimant argues that the ALJ erred in not considering her obesity to be a severe impairment.  In every case, the claimant bears the burden of establishing disability.  Here, the claimant did not assert that obesity was a basis for her disability, nor did she establish that her obesity causes vocationally significant limitations.  That is, she did not demonstrate that obesity significantly impacts her ability to perform basic work activities in excess of the limitations found by the ALJ in his decision.  The mere diagnosis of a condition such as obesity says nothing about its severity, <u>Higgs v. Bowen</u>, 880 F.2d 860, 863 (6th Cir. 1988).  The Court finds no error in the ALJ's treatment of claimant's obesity condition.

Next, the claimant argues that the ALJ improperly rejected the residual functional capacity assessment findings of treating physician Richard Ribeyre, MD (Tr. 270-271).  Therein, Dr. Ribeyre opines that the claimant is limited to standing for less than 2 hours, sitting for less than 30 minutes, and lifting less than 10 pounds occasionally.  He also opines that she is unable to work with a sit/stand option, and can walk less than one-half mile.  The claimant argues that these restrictions should have been given controlling weight under the treating physician rule.

In <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician.  <u>Wilson</u> also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. §404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician.  See also Social Security Ruling 96-2p.  Based upon this Court's review of the treatment records, the ALJ had substantial justification for severely limiting the weight given to the disabling opinions of Dr. Ribeyre contained in his April 17, 2007 assessment.  Specifically, the

assessment is not supported, except for mention of chronic inner ear infection and diabetic neuropathy.  The ALJ stated sufficient reasons to reject this disabling opinion, noting that it is inconsistent with other medical evidence of record, and with the claimant's activities of daily living (Tr. 26).  In addition, it is at odds with Dr. Ribeyre's own treatment notes.  In his transcribed statement dated July 10, 2007, Dr. Ribeyre concedes that the assessment was based upon the subjective history given by the claimant of her abilities (Tr. 26, Tr. 286).  The Court finds substantial justification for the ALJ's decision to discount the disabling opinions of Dr. Ribeyre, and declines to disturb this finding.

The claimant next urges that the ALJ erred in weighing her credibility.  SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 416.929(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;
2) The location, duration, frequency, and intensity of your pain or other symptoms;
3) Precipitating and aggravating factors;
4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a

4

board, etc.); and

7)   Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, and consistent with both SSR 96-7p and the above-listed factors, the ALJ determined that the plaintiff's complaints were less than entirely credible (Tr. 25). He found her allegations of disabling asthma, shortness of breath, and COPD had never required hospitalization or intubation. The ALJ additionally noted that the COPD was secondary to claimant's smoking 1½ packs of cigarettes per day, despite having been repeatedly told to quit by her physicians. Pulmonary function tests revealed poor effort on the claimant's part. Though she has been diagnosed with macular degeneration, her vision is currently stable. The ALJ also found the claimant's activities of daily living inconsistent with disability – she can attend her personal needs independently, cooks, reads the newspaper, watches television, washes dishes, does laundry, sweeps, dusts, drives, shops for household items and groceries, pays bills, handles a checkbook, attends church services three times per week, and occasionally watches her 2 year old granddaughter (Tr. 25). In sum, the ALJ's credibility determinations are supported by substantial evidence and are entitled to deference by this Court.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d

5

525, 532 (6th Cir. 1997). While plaintiff disagrees with the ALJ's rejection of her credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly in light of her activities of daily living.   Accordingly, the Court declines to disturb the ALJ's credibility findings.

The claimant next argues that the ALJ erred in failing to consider the letter from claimant's husband, Alfred Spencer, as an "other source" of information to evaluate the claimant's credibility. The claimant argues that the ALJ failed to consider the statements of her husband in a July 1, 2007 letter which indicates she suffers from fatigue, has difficulty performing housework, standing, and carrying more than 5 to 10 pounds.  He notes that she frequently drops items, and stays indoors because she cannot tolerate heat or cold.  He states that she goes out to the store for short trips, and to church twice a week.  She cannot walk very far or drive very long (Tr. 141-142).  The ALJ's opinion notes that he considered all of the evidence contained in the record (Tr. 21).   The observations contained in the husband's statement are a recitation of the claimant's own subjective complaints.  In Allison v. Commissioner, No. 96-3261, 1997 WL 103369 (6th Cir. Mar. 6, 1997) as distinguishing Lashley, wherein the court found it irrelevant that the ALJ failed to particularly discuss the testimony of a claimant's son because "neither precedent nor common sense requires written discussion of every single piece of evidence."   The Court finds the logic of Allison persuasive in this case, particularly where the husband's statement is simply cumulative evidence, including substantially the same information as the claimant's subjective complaints.

<u>CONCLUSION</u>

The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court.  A Judgment in conformity with this Memorandum Opinion has this day entered.

6